IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-08-07 |
| | § | |
| MARGARETTE McMAHAN, et al., | § | |
| | § | |
|    Defendants. | § | |

## ORDER

Pending before the Court is Defendant Margarette S. McMahan's ("McMahan") Motion for Reconsideration (Dkt. No. 39) of the Court's December 3, 2008 Memorandum Opinion & Order (Dkt. No. 37) and Final Judgment (Dkt. No. 38) granting summary judgment in favor of the Government.

Although McMahan failed to specify under which rule she seeks reconsideration of the Court's rulings, when a party seeks reconsideration of an order granting the opposing party's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997) (treating such a motion as one made pursuant to Rule 59(e) because the Federal Rules do not recognize a general motion for reconsideration). Accordingly, Plaintiff's motion will be construed as a motion to alter or amend the judgment pursuant to Rule 59(e). *Id.*

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Such a motion is not to be used to relitigate old

matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Reconsideration of a judgment after its entry is an "extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, over which a district court has considerable discretion to grant or to deny. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, a district court is under duty to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has made clear that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

McMahan sets forth numerous arguments aimed at undermining the Court's order and judgment. At each turn, however, McMahan merely regurgitates the positions she staked in her prior pleadings and plainly attempts to relitigate matters already adjudicated by the Court. McMahans' arguments, moreover, are wholly without merit. McMahan has provided the Court with absolutely nothing which would support the reconsideration of its earlier decision. Therefore, McMahan's Motion for Reconsideration (Dkt. No. 39) is **DENIED**.

It is so **ORDERED**.

**SIGNED** on this 22nd day of December, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE