# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-08-07** |
| | § | |
| **MARGARETTE McMAHAN, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court is Defendant Margarette S. McMahan's ("McMahan") Motion for Stay Pending Appeal (Dkt. No. 47), wherein McMahan seeks a stay of execution of the Court's December 3, 2008 Final Judgment (Dkt. No. 38). Having considered the motion, response, and relevant law, the Court finds that McMahan is entitled to a stay only if she posts a supersedeas bond with the Court in the amount of $385,855.92 on or before February 7, 2009.

## Discussion

As an initial matter, the Court notes that prior to the filing of McMahan's motion, the Government filed a Motion for Order of Foreclosure and Sale (Dkt. No. 42), which the Court granted. Dkt. No. 49. Because the issues raised by McMahan's motion would be the same if she were challenging the December 3, 2008 Final Judgment or the later-entered Order of Foreclosure and Sale, and the Order of Foreclosure and Sale fully complies with the terms of the Final Judgment, the Court construes McMahan's motion as one seeking a stay of the Court's December 3, 2008 Final Judgment as well as the Order of Foreclosure and Sale.

### A. Discretionary Stay

This Court retains jurisdiction to entertain a motion to stay a judgment or order being

appealed. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145-46 (5th Cir. 1982) (citing FED. R. APP. P. 8(a)). When determining whether an appellant is entitled to a discretionary stay pending appeal, courts within the Fifth Circuit apply the long-standing four part test under which the party seeking a stay must establish: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)); *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986). For the party seeking the stay to succeed, it must show that each part of the test has been met. *Id.* at 439. It need not establish, however, a "probability" of success on the merits, but rather "only present a substantial case of the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.* at 439.

To put it mildly, McMahan's likelihood of success on the merits is exceedingly low. Throughout this litigation McMahan has advanced blatantly frivolous arguments identical to those that have been rejected time and time again by every court which has had the opportunity to consider them. Consistent with the baseless arguments presented to this Court, the arguments McMahan is likely to assert before the Fifth Circuit are almost guaranteed to consist solely of the "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish" the Fifth Circuit has repeatedly indicated to be a waste of judicial resources. *Crain v. Commissioner*, 737 F.2d 1417, 1418 (5th Cir. 1984). The only reason the Court couched the previous sentence in speculative terms is because McMahan fails to so much as indicate—much less elaborate upon—the grounds upon which she might be successful on appeal. *See* Dkt. No. 47 at 2 (proclaiming as support for her

likelihood of success on the merits merely "Appellant's constitutional rights have been violated. The District Court erred by not conducting a legal and proper examination of the evidence and law in this case.").

The Court, moreover, finds that the Government—not McMahan—is the party more likely to suffer irreparable, significant harm by staying the foreclosure action. McMahan has repeatedly been uncooperative in resolving this dispute, indicating 1) that she might fail to maintain the relevant properties or otherwise act in a manner which could diminish their value in the time during which her appeal is pending, and 2) that the present appeal is nothing more than an obvious delay tactic to prevent the Government from collecting the income taxes McMahan owes. McMahan's tax liabilities, including interest, will only continue to mount during the adjudication of her appeal, and any proceeds eventually received by the Government from the sale may at that time be insufficient to cover McMahan's debt.

Finally, while the Government's interest in collecting tax liabilities is obvious, the Court finds that no public interest would be served by granting a discretionary stay. A stay in this matter would merely condone McMahan's continued abuse of the legal system and embolden others who might deem it prudent to follow in her footsteps. It is demonstrably clear that, in this case, the balance of the equities does not weigh heavily in favor of granting the stay and McMahan has not otherwise set forth argument or evidence establishing that the Court should grant a discretionary stay. To the extent McMahan seeks a discretionary stay, her motion is denied. However, the Court notes that, in the absence of a discretionary stay, McMahan may take advantage of another procedure staying the execution of the relevant orders.

**B. Supersedeas Stay**

According to Federal Rules of Civil Procedure, Rule 62(d), "If an appeal is taken, the

appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." FED. R. CIV. P. 62(d).

The above-cited passage grants a party appealing a monetary judgment an *automatic* stay upon the posting of a supersedeas bond. *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). Serving as a "kind-for-kind security to guarantee the judgment," the bond "protects the prevailing party from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Id.* (quoting *United States v. United States Fishing Vessel MAYLIN*, 130 F.R.D. 684, 686 (S.D. Fla. 1990) and *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1998)). Because the bond may not compensate the non-appealing party for losses incurred as a result of the stay of a non-money judgment, Rule 62(d) is only applicable to the appeal of monetary judgments. *Id.*

As noted, on December 3, 2008, the Court entered Final Judgment against McMahan (and the Estate of James K. McMahan, her late husband) and in favor of the United States in the amount of $321,546.60 for the unpaid assessed balance of income taxes, interest, and statutory additions for the relevant tax periods. Dkt. No. 38. Interest and statutory additions continue to accrue on the unpaid balances as provided by sections 6651(a)(2) and 6601(a) of the Internal Revenue Code. The Final Judgment ordered that McMahan's Fort Street Property and Levi Miller Property be foreclosed to satisfy this judgment. Shortly thereafter, on December 22, 2008, the Court denied McMahan's Motion for Reconsideration. Dkt. No. 41. Finally, the Court signed the Order of Foreclosure and Sale. Dkt. No. 49.

The Court finds that the December 3, 2008 Final Judgment was monetary and that Rule 62(d)'s supersedeas stay provision applies to this action. *See United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 450 (E.D. Mo. 1988) ("The Court concludes that Rule 62(d)

applies to mortgage foreclosure judgments in the same way that it applies to money judgments: the appellant may obtain a stay of a mortgage foreclosure judgment as a matter of right by posting an adequate supersedeas bond (and a full supersedeas bond is the norm)"); *see also United States v. Indianapolis Baptist Temple*, No. IP 98-0498-C-B/S, 1999 WL 1249452, *3 (S.D. Ind. Nov.10, 1999) (granting a supersedeas stay of an IRS foreclosure sale). Accordingly, McMahan is entitled to an automatic supersedeas stay if she posts bond in an amount sufficient to cover the judgment, including interest, costs, and damages associated with delay.

If McMahan can post bond in an amount equaling 120% of her outstanding tax liability—$385,855.92—she is entitled to an automatic supersedeas stay. The Court finds that this amount is sufficient to cover the entire amount of the judgment, including interest, costs, and damages for delay. The Court further notes that it will not in its discretion waive the bond requirement or allow a substitute security. For McMahan to take advantage of the supersedeas stay provision, she will have to post bond in the amount identified above. McMahan must post this bond and file notice with the Court on or before February 7, 2009. If McMahan fails to post a supersedeas bond in accordance with the above conditions, then the IRS foreclosure sale will proceed.

## Conclusion

Based on the foregoing, the Court will not order a discretionary stay. The Court will, however, order a supersedeas stay if and only if McMahan files notice with the Court and posts a supersedeas bond with the Court in the amount of $385,855.92 on or before February 7, 2009. Failure to post the supersedeas bond by February 7, 2009 will result in the continuation of the IRS foreclosure sale.

It is so **ORDERED**.

**SIGNED** on this 28th day of February, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE